IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RANDOLPH GEORGE,<br><br>    Defendant<br>_____/ | No. CR-01-0326 MMC<br><br>**ORDER DENYING IN PART AND DEFERRING RULING IN PART ON DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE; AFFORDING PLAINTIFF OPPORTUNITY TO FILE SUPPLEMENTAL OPPOSITION** |

Before the Court is defendant Randolph George's ("George") "Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence," filed April 25, 2008. The United States has filed opposition, to which George has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

## BACKGROUND

On November 13, 2002, George was "convicted by a jury on two felony counts of willful filing of false tax returns in violation of 26 U.S.C. § 7206(1), and one misdemeanor count of willful failure to file a tax return in violation of 26 U.S.C. § 7203." See United States v. George, 420 F. 3d 991, 994 (9th Cir. 2005). Specifically, the jury found George had willfully filed false tax returns for the calendar years 1991 and 1992 and willfully failed to file a tax return corresponding to calendar year 1993. (See Form of Verdict, filed November 13, 2002.) Thereafter, the Court approved the parties' stipulation that the "tax

loss" was "more than $70,000 but less than $120,000, resulting in a base offense level of 14," (see Stipulation Re Base Offense Level Under Sentencing Guidelines, filed April 20, 2004), and subsequently imposed a sentence of 15 months, such sentence being within the applicable guideline range of 15 to 21 months, (see Judgment, filed May 20, 2004). On August 23, 2005, the Ninth Circuit Court of Appeals affirmed the judgment, and remanded the case for review of the sentence in accordance with United States v. Ameline, 409 F. 3d 1073 (2005). See George, 420 F. 3d at 1001-02. On remand, the Court again imposed a sentence of 15 months, (see Minute Order, filed April 12, 2006), and, on March 30, 2007, the Ninth Circuit Court of Appeals affirmed the Court's "decision to retain the original sentence," see United States v. George, 226 Fed. Appx. 771 (9th Cir. 2007).

**DISCUSSION**

By the instant motion, George argues his conviction should be set aside because, he alleges, he received ineffective assistance of counsel with respect to the presentation of his defenses to the three counts on which he was convicted. George additionally argues he received ineffective assistance of counsel with respect to sentencing.

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components." Strickland v. Washington, 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient." Id. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. "Second, the defendant must show that the deficient performance prejudiced the defense." Id. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

**A. Filing False Tax Returns for 2001 and 2002 (Counts One and Two)**

Counts One and Two of the indictment charged George with willfully filing false income tax returns for the calendar years 2001 and 2002, respectively.

At trial, George, in support of his defense that he did not willfully file false returns for the calendar years 2001 and 2002, testified he relied on the advice of an accountant when he failed to declare as income for the years 2001 and 2002 fees he received resulting from work on behalf of receiverships, even though he had received such fees in 2001 and in 2002. In particular, George testified that each of the receiverships, on its tax return, deducted the fees it paid to George in the year that a state court judge approved such payments to George, rather than in the year in which the receivership paid the fees to George, (see Reporter's Excerpts of Proceedings, November 7, 2002, at 50-51), and that Orlando Antonini ("Antonini"), an accountant, had told George that he "should treat it [George's receipt of receivership fees] the same way as the corporate tax return should treat it," (see id. at 52).

Antonini testified at trial as a witness for the prosecution. On cross-examination, George's trial counsel did not ask Antonini if he had given George any advice regarding George's personal tax returns. As a result, Antonini was not asked to, and did not, corroborate George's testimony as to advice purportedly given by Antonini to George. George now argues that his trial counsel was ineffective in not interviewing Antonini prior to trial, and, further, that such counsel was ineffective in not interviewing other persons involved in the preparation of the receiverships' tax returns or otherwise involved in the bookkeeping or accounting practices of the receiverships.[1] Accordingly to George, had such persons been interviewed before trial, trial counsel would have learned that Antonini had given George the subject advice and that the receiverships had deducted the fees in years other than those in which they paid George.

The Court need not determine herein, however, whether George's trial counsel rendered ineffective assistance in the preparation of a defense based on reliance on advice of an accountant, because George has failed to establish any prejudice resulted from any

---

[1] The other individuals, as identified by George in the instant motion, were Harry Gordon Oliver II, Bonnie Newman, Mark Shemaria, and Sean Svendsen. Each of these individuals has submitted a declaration in support of the instant motion; none claim to have given George any advice as to George's personal tax returns.

3

such asserted failure to more thoroughly investigate and prepare such defense. See Strickland, 466 U.S. at 697 (holding "court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies"). As the Ninth Circuit observed in its order affirming the judgment, George offered no evidence to rebut the Government's showing that George did not act in accordance with the advice he testified he received from Antonini. See George, 420 F. 3d at 999. Nor does George contend, by the instant motion, that he did act in accordance with any such advice. In particular, because George did not declare the subject income in any year, there is no showing, nor can there ever be a showing, that George ever relied on the advice purportedly given to him by Antonini. See United States v. Bishop, 291 F. 3d 1100, 1106-07 (9th Cir. 2002) (holding a defendant "may rebut the Government's proof of willfulness by establishing good faith reliance on a qualified accountant after full disclosure of tax-related information") (emphasis added).

Consequently, George has failed to show that, had trial counsel offered additional evidence at trial to corroborate George's testimony that he had been advised by Antonini to declare the subject income in years other than those in which George received the funds, there is a "reasonable probability" George would not have been convicted on Counts One and Two. See Strickland, 466 U.S. at 694 (holding defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Accordingly, George has failed to show his convictions on Counts One and Two should be set aside.

**B.  Failure to File 1993 Tax Return (Count Three)**

Count Three of the indictment charged George with willfully failing to file a tax return for the calendar year 1993.

"The offense of failure to file an income tax return under 26 U.S.C. § 7203 requires the government to prove three elements: the taxpayer was required to file a return, the taxpayer failed to file a return and the failure was willful." United States v. Vroman, 975 F.

4

1 2d 669, 671 (9th Cir. 1992). George argues his trial counsel rendered ineffective assistance with respect to presentation of George's defense to the third element, i.e., whether George's conceded failure to file a tax return for the calendar year 1993 was willful.

At trial, George testified that an attorney, John Youngquist ("Youngquist"), advised George not to file his 1993 return. George argues that his trial counsel rendered ineffective assistance by failing to call Youngquist as a witness to corroborate the testimony given by George at trial, and by failing to call Lisa Lubag ("Lubag"), whom George assertedly hired in 1995 to assist him in managing his records, including his 1993 records.[2] George additionally argues his counsel rendered ineffective assistance by failing to offer evidence that George had applied for an extension of time, to August 15, 1994, to file his 1993 tax return. In essence, George asserts that trial counsel failed to effectively present his defense that he was planning to file his 1993 return – as evidenced by his requesting an extension and his subsequent hiring of Lubag – but that he did not file it in reliance on advice of counsel.

The Court need not determine whether George's trial counsel rendered ineffective assistance with respect to preparation of a defense to Count Three based on George's having requested an extension of time, hired Lubag, and/or relied on advice of counsel, because George has failed to establish any prejudice resulted from any asserted failure to offer evidence as to the request for an August 15, 1994 extension, or to offer the testimony of Youngquist and/or Lubag. See Strickland, 466 U.S. at 697.

First, with respect to evidence that George requested an extension of time, in order to file his 1993 tax return on August 15, 1994, instead of April 15, 1994, George has failed

---

[2] In a declaration submitted in support of the instant motion, Youngquist states he was retained by George in 1996, and that he thereafter advised George not to file his 1993 tax return until the Internal Revenue Service had determined the year in which George should declare the income he received from the receiverships. (See Youngquist Decl. ¶¶ 2, 6, 8.) In a declaration, also submitted in support of the instant motion, Lubag states George hired her in January 2005 to "tak[e] over the management of his personal and financial records." (See Lubag Decl. ¶¶ 4, 5.)

to show that if such evidence had been offered at trial, there is a reasonable probability George would not have been convicted on Count Three, given that George did not file his 1993 return on or by August 15, 1994.

Second, George has failed to show that had Lubag testified George hired her in 1995, there is a reasonable probability George would not have been convicted on Count Three. Assuming, arguendo, Lubag was hired to assist George in preparing his 1993 tax return, evidence to prove such hiring would have been irrelevant, for the reason that George did not hire Lubag until 1995, after his 1993 tax return was due. See Sansone v. United States, 380 U.S. 343, 354 (1965) (holding "intent to report the income and pay the tax sometime in the future does not vitiate the willfulness required by § [ ] 7203"); United States v. Ross, 626 F. 2d 77, 81 (9th Cir. 1980) (affirming conviction for violation of § 7203; holding evidence defendant filed 1972, 1973, and 1974 tax returns in 1976 "properly excluded on the grounds of irrelevancy" because such evidence was "not relevant to the charge that defendant had wilfully failed to file tax returns in those three years").

Finally, George has failed to show that had Youngquist testified and corroborated George's testimony that Youngquist had advised George not to file his 1993 tax return, there is a reasonable probability George would not have been convicted on Count Three. Again, given that such advise assertedly was sought well after the 1993 tax return was due, Youngquist's testimony would have been irrelevant. See Sansone, 380 U.S. at 354; Ross, 626 F. 2d at 81; see also United States v. Cheek, 3 F. 3d 1057, 1061 (7th Cir. 1993) (holding defendant failed to establish "advice of counsel defense" to charge he violated § 7203, where defendant did not seek advice until "after . . . he first failed to file proper tax returns"); United States v. Conforte, 624 F. 2d 869, 877 (9th Cir. 1980) (holding, in prosecution for willful failure to pay quarterly taxes, defendants failed to establish "claim of reliance on counsel," where defendants did not seek advice of counsel until "after the quarters during which the violations in question occurred").

Accordingly, George has failed to show his conviction on Count Three should be set aside.

**C. Determination of Tax Loss**

Shortly before a scheduled evidentiary hearing to determine the amount of the tax loss suffered by the United States as a result of George's violations, the parties entered into a stipulation that the tax loss was "more than $70,000 but less than $120,000, resulting in a base offense level of 14, pursuant to U.S.S.G. § 2T4.1 (1994)"; the Court approved the stipulation on April 20, 2004. (See Stipulation Re Base Offense Level Under Sentencing Guidelines.) As noted, the Court subsequently imposed a sentence of 15 months, such sentence being within the applicable guideline range of 15 to 21 months.

George argues that had trial counsel, instead of counseling George to enter into the above-referenced stipulation, requested the Court conduct an evidentiary hearing, there is a reasonable probability the Court would have found the tax loss to be below $70,000, which finding would have resulted in a base offense level lower than 14.

In support of his argument, George relies, inter alia, on a declaration submitted by Sander Stadtler ("Stadtler"), in which Stadtler states he had been retained by George "to assist and advise in the tax liability calculations for the sentencing portion of [the] trial." (See Stadtler Decl. ¶ 4.) Stadtler also states therein that he "calculated the tax liability to be $33,646," (see id. ¶ 7); Stadtler fails to state, however, when he made such calculation. In the absence of any further evidence, e.g., evidence to establish that trial counsel was aware or should have been aware that Stadtler was prepared to offer such opinion in 2004, George cannot demonstrate deficient performance by trial counsel, and there would be no reason for the Court to consider whether there is a reasonable probability the Court would have accepted Stadtler's presently-asserted opinion, had it been offered in 2004.

In connection with his reply, George proffers evidence to support a theory of alleged deficient performance not raised, either expressly or implicitly, in George's moving papers. Specifically, George relies on a supplemental declaration submitted by Stadtler, who clarifies that his presently-asserted opinion was formed after Stadtler reviewed "a series of documents" he received from George in 2007; Stadlter further states he had not received such documents from George's trial counsel. (See Supp. Stadlter Decl. ¶¶ 10-12.) George

7

also relies on his own supplemental declaration, in which George states that, in 2007, he "found numerous additional documents relevant to the tax loss issues and computations" in trial counsel's files, and that he found documents in his own "accounting records" that, he states, he had attempted to give to his trial counsel "during the pre-trial period"; according to George, those documents were the documents he provided to Stadtler in 2007.  (See Supp. George Decl. ¶ 8.)[3]  In light of such evidence, George now asserts, his agreement to enter into the above-referenced stipulation was "based upon incomplete data having been provided to [ ] Stadtler by [trial counsel]."  (See id. ¶ 10.)

Such evidence implicates a theory of deficient performance as to which the United States has not had an opportunity to respond.  Under such circumstances, the Court will defer ruling on the issue of whether trial counsel provided ineffective assistance with respect to sentencing, until such time as the United States has had the opportunity to file supplemental opposition in response to the supplemental declarations submitted by Stadtler and George and the argument made in reliance thereon.

**CONCLUSION**

For the reasons stated above, George's motion to vacate, set aside, or correct the sentence is hereby DENIED, with the exception that the Court hereby DEFERS ruling on the motion to the extent George seeks relief based on the theory trial counsel provided ineffective assistance with respect to sentencing.  The United States is afforded leave to file, no later than December 8, 2008, supplemental opposition, not to exceed ten pages in length, exclusive of exhibits.

**IT IS SO ORDERED.**

Dated:  November 18, 2008

MAXINE M. CHESNEY
United States District Judge

---

[3] Neither George nor Stadtler has identified the specific documents provided to Stadtler in 2007.

8