IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RANDOLPH GEORGE,<br><br>　　　　Defendant<br>　　　　　　　　　　　　　　　　　／ | No. CR-01-0326 MMC<br><br>**ORDER DENYING DEFERRED PORTION OF DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

　　　　By order filed November 18, 2008, the Court denied defendant Randolph George's ("George") "Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence" to the extent George sought to set aside his convictions on Counts One, Two, and/or Three. By said order, the Court deferred ruling on George's motion to the extent George seeks to set aside his sentence, in order to afford the United States the opportunity to file a supplemental opposition in response to a new argument made in defendants' reply. Thereafter, the United States filed a supplemental opposition, to which George, with leave of Court, filed a supplemental reply and, subsequently, a correction thereof. Having read and considered the papers filed in support of and in opposition to the deferred portion of George's motion, the Court rules as follows.

//

//

**BACKGROUND**

On November 13, 2002, George was "convicted by a jury on two felony counts of willful filing of false tax returns in violation of 26 U.S.C. § 7206(1), and one misdemeanor count of willful failure to file a tax return in violation of 26 U.S.C. § 7203." See United States v. George, 420 F.3d 991, 994 (9th Cir. 2005). Specifically, the jury found George had willfully filed false tax returns for the calendar years 1991 and 1992 and willfully failed to file a tax return corresponding to calendar year 1993. (See Form of Verdict, filed November 13, 2002.) Thereafter, the Court approved the parties' stipulation that the "tax loss" was "more than $70,000 but less than $120,000, resulting in a base offense level of 14" (see Stipulation Re Base Offense Level Under Sentencing Guidelines, filed April 20, 2004), and subsequently imposed a sentence of 15 months, such sentence being within the applicable guideline range of 15 to 21 months (see Judgment, filed May 20, 2004). On August 23, 2005, the Ninth Circuit Court of Appeals affirmed the judgment, and remanded the case for review of the sentence in accordance with United States v. Ameline, 409 F.3d 1073 (2005). See George, 420 F.3d at 1001-02. On remand, the Court again imposed a sentence of 15 months (see Minute Order, filed April 12, 2006), and, on March 30, 2007, the Ninth Circuit Court of Appeals affirmed the Court's "decision to retain the original sentence," see United States v. George, 226 Fed. Appx. 771 (9th Cir. 2007).

**DISCUSSION**

In the deferred portion of George's motion, he argues he received ineffective assistance of counsel with respect to sentencing.

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a . . . sentence has two components." Strickland v. Washington, 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient." Id. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. "Second, the defendant must show that the deficient performance prejudiced the defense." Id. "This requires showing that counsel's errors were so serious as to deprive

the defendant of a fair trial, a trial whose result is reliable." Id.  "Unless a defendant makes both showings, it cannot be said that the . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable." Id.

**A. Deficient Performance**

At the time the parties entered into the above-referenced stipulation that the tax loss was "more than $70,000, but less than $120,000, resulting in a base offense level of 14, pursuant to U.S.S.G. § 2T4.1 (1994)" (see Stipulation Re Base Offense Level Under Sentencing Guidelines), it is undisputed that George and his trial counsel were in receipt of tax liability calculations made by Sander Stadler ("Stadler"), an accountant, and Randall Dick ("Dick"), a tax attorney, both of whom George had retained "to assist on the issue of tax loss." (See George Decl. ¶ 56.)  Before the parties entered into the stipulation, Dick had recommended to George's trial counsel, based on an analysis Stadtler had then conducted, that "a stipulation at a Level 14 makes sense." (See Cook Decl. ¶¶ 11, 18, Ex. 5.)  In support of the instant motion, George asserts that the stipulation was "premised on computations that were based on incomplete data" provided to Dick and Stadtler by trial counsel.  (See Supp. George Decl. ¶ 10.)  According to George, had his counsel, instead of entering into the above-referenced stipulation, provided complete data to Dick and/or Stadtler and requested the Court conduct an evidentiary hearing, there is a reasonable probability the Court would have found the tax loss to be $70,000 or less, which finding would have resulted in a base offense level lower than 14.

In support of this theory, George relies on both his declaration and that of Stadtler. According to George's declaration, George, in 2007, "found" in trial counsel's files "numerous additional documents relevant to the tax loss issues and computations" and also "documents" in his own "accounting records" that, George states, he provided to trial counsel "during the pre-trial period" and which trial counsel "declined to review and returned to [George]."  (See id. ¶ 8.)  George further states he "provided each of [those] additional documents to [ ] Stadtler" in 2007 so that Stadtler could review them for purposes of a then-pending civil proceeding in Tax Court.  (See id.)  Stadtler declares that

3

he reviewed the "documents" he received from George in 2007, which he had not received from trial counsel (see Supp. Stadtler Decl. ¶¶ 10-12), and that, using such documents, he recalculated the tax loss for the instant case as $33,646 (see id. ¶¶ 12, 15). Stadtler further states that, "had [he] been provided with the [new] documents . . . at the time of the preparation of [his] original criminal tax loss computations, those computations would have revealed a much lower tax loss than [he] had originally computed," specifically, the revised tax loss of $33,646. (See id. ¶¶ 12, 15.)[1]

George's claim of deficient performance is predicated on the theory that the documents provided by George to Stadtler in 2007 were, at the time Dick and Stadtler analyzed George's records to determine the tax loss for purposes of preparing for sentencing, in the actual or constructive possession of trial counsel but were not provided to Dick and/or Stadtler. Trial counsel have offered evidence that George never provided any "accounting records" to them and that they gave Dick "total access" to all documents in trial counsel's files. (See Supp. Topel Decl. ¶¶ 6-7; Supp. Cook Decl. ¶¶ 7, 9; Supp. Agre Decl. ¶¶ 6, 7.)

The Court finds it unnecessary to resolve any dispute of fact regarding when and whether trial counsel, George, Dick and/or Stadtler had the documents at issue, because, as discussed below, George has failed to demonstrate prejudice. See Strickland, 466 U.S. at 697 (holding "court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies").

//
//
//

---

[1] George also relies on a declaration submitted by Dick, who opines that trial counsel should have retained, during the pretrial stage, a "forensic accountant" to make "findings" as to the tax loss. (See Supp. Dick Decl. ¶ 4.) To the extent George, by relying on such opinion by Dick, is asserting an independent theory of deficient performance, the claim fails for the reason that George fails to identify how or why his sentence was affected by the failure to retain a forensic accountant during the pretrial stage.

4

**B. Prejudice**

George's claim of prejudice is predicated on the theory that if an evidentiary hearing to determine the amount of the tax loss had been conducted in 2004,[2] and if Stadtler had testified at that time in conformity with the opinion he has proffered in support of the instant motion, there is a reasonable probability the Court would have found the tax loss to be $33,646, and subsequently sentenced George to a term of less than 15 months.

The United States argues Stadtler's new calculations are, as a matter of law, incorrect to the extent Stadtler gave George credit for amounts collected by the Internal Revenue Service ("IRS") in 1996 corresponding to the taxable years 1991 and 1992, and, further, to the extent Stadtler deducted from George's 1993 income a $60,066 loss assertedly realized in connection with George's having rented his home. Without such erroneous deductions, the United States asserts, George cannot establish the tax loss is $70,000 or less. For the reasons discussed below, the Court agrees.

**1. Taxes Collected**

In determining the tax loss for the tax year 1991, Stadtler gave George credit for $4780 that the IRS had collected from George on September 10, 1996 (see Stadtler Decl. ¶ 16, Ex. C - 1991 attached to Ex. D), and, with respect to the tax year 1992, credit for $21,316 that the IRS had collected from George on September 10, 1996 (see id. ¶ 21, Ex. D - 1992 attached to Ex. E).

The sentencing guidelines provide that "the tax loss is the total amount of the loss that was the object of the offense (i.e., the loss that would have resulted had the offense been successfully completed)," see U.S.S.G. § 2T1.1(c)(1), and that "[t]he tax loss is not reduced by any payment of the tax subsequent to the commission of the offense," see U.S.S.G. § 2T1.1(c)(5). As noted, George was convicted of willfully filing false tax returns for the calendar years 1991 and 1992; the commission of said offenses occurred in

---

[2] An evidentiary hearing had been scheduled for April 20, 2004. Such hearing was vacated in light of the Court's approval of the parties' stipulation as to the tax loss and to the base offense level of 14.

5

October 1995.  (See Judgment, filed May 20, 2004.)  The parties agree that in both his 1991 return and his 1992 return, respectively, George asserted he owed no income taxes for those two years.  (See Stadtler Decl. Exs. D, E; Pl.'s Supp. Opp. at 9:18-19; Def.'s Supp. Reply, filed December 22, 2008, at 9:6-7; see also Plaintiff's Trial Exhibits 4, 5.)

Because the United States would have received no taxes from George corresponding to tax years 1991 and 1992 had the offenses that were committed in October 1995 been successful, and because the above-referenced 1996 collections occurred subsequent to October 1995, the Court finds George is, as a matter of law, not entitled to a credit for the $26,096 the IRS collected in 1996.  See U.S.S.G. § 2T1.1(c)(1), (c)(5).

**2. Losses From Rental Activity**

In his newly-proffered calculation of the taxes owed for the year 1993, the year George willfully failed to file any return, Stadtler determined that George, had he filed a return, would have been entitled to claim a $60,066 business loss and offset his income by said amount.  (See Stadtler Decl. Ex. F).  Such business loss was assertedly the result of an entity, which had entered into a contract with George to rent George's home located on Lombard Street in San Francisco, having "called off the agreement."  (See id. Ex. C - 1993 attached to Ex. F.)

Under federal law, a taxpayer is prohibited from "applying losses from rental properties and other passive business activities to offset and shelter non-passive income, such as wages."  See Beecher v C.I.R., 481 F.3d 717, 721 (9th Cir. 2007); 26 U.S.C. § 469(c)(2) (providing "the term 'passive activity' includes any rental activity").  Consequently, it is incumbent on George to either identify and establish a statutory exception to the rule that "rental activity" constitutes "passive activity," see 26 U.S.C. § 469(c)(2), or to otherwise show that, had he filed his return in 1993, he would have been entitled to offset his 1993 wages by losses he realized in 1993 from passive activity.

One statutory exception exists to the general rule that "rental activity" is "passive activity"; specifically, a "real estate professional" is entitled, subject to the limitations set

forth in 26 U.S.C. § 469(c)(7), to claim losses realized in his "real property trade or business." See D'Avanzo v. United States, 67 Fed. Cl. 39, 41 (Fed. Cl. 2005).[3] George, however, offers no evidence to support a finding, nor does he even argue, that, in 1993, he qualified as a "real estate professional" for purposes of § 469(c)(7). George fails to identify any other exception that would have applied to his 1993 rental activity.[4] In sum, George has made no showing that his 1993 rental activity was anything other than "passive activity" for purposes of § 469, and, consequently, George has made no showing that, had he filed a return in 1993, he would have been able to offset his wages by the losses assertedly incurred in connection with the rental of his home.

### 3. Conclusion as to Tax Loss

As noted, Stadtler's newly-proffered opinion is that the tax loss is $33,646. As explained above, in computing such figure, Stadtler (a) improperly gave George credit in the amount of $26,096, corresponding to taxes collected by the IRS subsequent to the completion of George's crimes, and (b) improperly gave George an offset against his 1993 wages based on losses assertedly incurred in the course of George's having rented his home, which offset, according to Stadtler's calculations, decreased the tax loss by at least $25,000. (See Supp. Stadtler Decl. ¶ 21 (stating that if George's 1993 rental activity was "subject to the passive loss limitations," George's tax liability for 1993 would increase by

---

[3] "A taxpayer qualifies as a real estate professional under § 469(c)(7)(B) if: '(i) more than one half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.'" Id. (quoting 26 U.S.C. § 469(c)(7)(B).

[4] In a declaration, Stadtler states that George should be entitled to offset his wages by the rental losses because, according to Stadtler, George "actively negotiated, arranged and worked through and then out of the lease." (See Supp. Stadtler Decl. ¶ 21.) Neither George, in his papers, nor Stadtler, in his declaration, explain the legal significance of such assertion by Stadtler. In any event, even assuming that, in some manner, had George "actively negotiated, arranged and worked through and then out of the lease" he would be allowed to offset his wages by the rental losses, there is no evidence before the Court to support a finding that George ever engaged in any such activities. Stadtler does not, and cannot, purport to have first-hand knowledge of George's activities regarding the rental of George's home, nor does George discuss said issue, in any respect whatsoever, in either of the two declarations submitted in support of the instant motion.

1  "approximately $25,000 - $30,000").

2  Because $33,646 + $26,096 + $25,000 exceeds the sum of $70,000, which calculation assumes for purposes of this order a finding in George's favor as to every other difference between the calculations made by Stadtler and the calculations made by the United States, George cannot establish a reasonable probability exists that the Court, even if it had conducted an evidentiary hearing at which Stadtler testified in conformity with the opinion proffered in support of the instant motion, would have found the tax loss to be $70,000 or less.

Accordingly, George has failed to establish a reasonable probability exists that he was prejudiced by Stadtler's not having been given the assertedly new documents prior to the date on which the parties agreed to enter into the above-referenced stipulation that the tax loss was more than $70,000.

**CONCLUSION**

For the reasons stated above, the deferred portion of George's motion to vacate, set aside or correct his sentence is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  January 30, 2009

MAXINE M. CHESNEY
United States District Judge