IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-01-0326 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR CERTIFICATE OF APPEALABILITY** |
| v. | |
| RANDOLPH GEORGE, | |
| Defendant | |

    Before the Court is defendant Randolph George's Request for Certificate of Appealability, filed March 30, 2009. Having read and considered the request, the Court rules as follows.

    A district court shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner is entitled to a certificate of appealability if he "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (internal quotation and citation omitted).

    Here, to the extent defendant seeks issuance of a certificate of appealability as to the issue of whether he received ineffective assistance of counsel with respect to

1 sentencing, the request is hereby GRANTED; reasonable jurists might find it debatable
2 whether, assuming deficient performance by counsel, defendant was prejudiced thereby.
3 Specifically, in calculating, under the Guidelines, the amount of loss attributable to the
4 years 1991 and 1992, a reasonable jurist might find defendant is entitled to receive credit
5 for amounts ultimately collected by the Internal Revenue Service for the years 1991 and
6 1992, and/or, in calculating the amount of loss attributable to the year 1993, a reasonable
7 jurist might find defendant is entitled to deduct from his income certain losses assertedly
8 incurred in connection with defendant's rental of his home.

9       To the extent defendant seeks issuance of a certificate of appealability as to the
10 issue of whether he received ineffective assistance of counsel with respect to the
11 convictions for the offenses charged, the request is hereby DENIED.  First, with respect to
12 his 1991 and 1992 tax returns, defendant has failed to identify any evidence his counsel
13 could have uncovered to support a finding defendant relied on the advice of his
14 accountant; evidence that an accountant gave a taxpayer advice is irrelevant in the
15 absence of evidence the taxpayer followed the advice.  Cf. United States v. Bishop, 291 F.
16 3d 1100, 1106-07 (9th Cir. 2002) (holding a defendant "may rebut the Government's proof
17 of willfulness by establishing good faith reliance on a qualified accountant after full
18 disclosure of tax-related information") (emphasis added).  Second, with respect to his
19 failure to file a 1993 tax return, defendant has failed to show any conduct on his part
20 occurring after such return was due, even if such conduct arguably could support an
21 inference that he intended to file the 1993 return in the future, would have supported a
22 cognizable defense; indeed, defendant fails to distinguish the binding precedents that
23 foreclose such a defense.  See Sansone v. United States, 380 U.S. 343, 354 (1965)
24 (holding "intent to report the income and pay the tax sometime in the future does not vitiate
25 the willfulness required by [26 U.S.C. § ] 7203"); United States v. Ross, 626 F. 2d 77, 81
26 (9th Cir. 1980) (affirming conviction for violation of § 7203; holding evidence that defendant
27 offered to file his 1972, 1973, and 1974 tax returns in 1976 was "properly excluded on the
28 grounds of irrelevancy" because such evidence was "not relevant to the charge that

1  defendant had wilfully failed to file tax returns in those three years"); <u>United States v.</u>
2  <u>Conforte</u>, 624 F. 2d 869, 877 (9th Cir. 1980) (holding, in prosecution for willful failure to pay
3  quarterly taxes, defendants failed to establish "claim of reliance on counsel," where
4  defendants did not seek advice of counsel until "after the quarters during which the
5  violations in question occurred").
6        The Clerk shall forward defendant's Notice of Appeal, filed March 30, 2009, the
7  instant order, and the file of the district court proceedings to the United States Court of
8  Appeals for the Ninth Circuit, from which defendant may also seek issuance of a certificate
9  of appealability.  <u>See</u> Fed. R. App. Proc. 22(b)(1).
10        **IT IS SO ORDERED.**

12  Dated:  April 7, 2009

                                           MAXINE M. CHESNEY
                                           United States District Judge