IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. RANDOLPH GEORGE, Defendant. | Case No. 01-cr-00326-MMC-1<br><br>**ORDER DENYING DEFENDANT'S PETITION FOR WRIT OF CORAM NOBIS**<br><br>Re: Dkt. No. 251 |
|---|---|

Before the Court is defendant Randolph George's ("George") "Petition for Writ of Coram Nobis," filed May 16, 2016. The government has filed opposition, to which George has replied. Having read and considered the parties' respective written submissions, the Court rules as follows.

In 2002, George was "convicted by a jury on two felony counts of willful filing of false tax returns in violation of 26 U.S.C. § 7206(1), and one misdemeanor count of willful failure to file a tax return in violation of 26 U.S.C. § 7203." See United States v. George, 420 F.3d 991, 994 (9th Cir. 2005). "Specifically, the jury found George had willfully filed false tax returns for the calendar years 1991 and 1992 and willfully failed to file a tax return corresponding to calendar year 1993." See United States v. George, 2008 WL 4949911, at *1 (N.D. Cal. November 18, 2008).

At trial, with respect to the counts alleging willful filing of false returns for the tax years 2001 and 2002, George's defense was that he relied on advice from an accountant:

> George . . . testified he relied on the advice of an accountant when he failed to declare as income for the years 2001 and 2002 fees he received resulting from work on behalf of receiverships, even though he had received

> such fees in 2001 and in 2002. In particular, George testified that each of the receiverships, on its tax return, deducted the fees it paid to George in the year that a state court judge approved such payments to George, rather than in the year in which the receivership paid the fees to George, and that Orlando Antonini ("Antonini"), an accountant, had told George that he "should treat it [George's receipt of receivership fees] the same way as the corporate tax return should treat it."

See id., at *2 (alteration in original; internal citations to record omitted).

On direct appeal, the Ninth Circuit, in affirming the judgment, rejected George's defense for the reason that "George offered no evidence to rebut the Government's showing that George did not act in accordance with the advice he testified he received from Antonini." See id. Thereafter, this Court denied a motion by George filed pursuant to 28 U.S.C. § 2255, which motion was based on a theory that his trial counsel had been ineffective in not calling Antonini and other witnesses to corroborate George's trial testimony regarding the advice given to him. In so doing, the Court held that "because George did not declare the subject income in any year, there is no showing, nor can there ever be a showing, that George ever relied on the advice purportedly given to him by Antonini." See id.

By the instant petition, George again argues his trial counsel was ineffective in the manner in which counsel presented his defense that he relied on advice from an accountant. Specifically, George argues, trial counsel was ineffective for not calling Harry Gordon Oliver II ("Oliver"), an accountant employed by Antonini's firm, who, according to George, could have testified that George relied on the firm's advice.

"Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character." Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002). "To warrant coram nobis relief, [the defendant] must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." Id. "Because these requirements are conjunctive, failure to meet any one of them is fatal." Id.

2

Here, even assuming George can establish the first three of the above-referenced elements, George has failed to show any error, much less error of a fundamental character. Specifically, George has failed to show there exists any evidence that he relied on the advice given to him, and, consequently, has again failed to show his trial counsel was ineffective. The only new evidence offered to support George's theory is a declaration signed by Oliver in September 2015, in which Oliver states that George "recently" asked Oliver to "review" a "tax return" that "George prepared for 1993," and that, having "reviewed" it, Oliver is of the view that said "tax return" was "directly in line with the advice [George] received." (See Oliver Decl. ¶¶ 9, 11-12, 14.)[1] Oliver's statements, however, do not support a finding that George relied on the advice he received, as Oliver does not claim to have any knowledge that George actually filed with the IRS the return George purportedly "prepared," which document is undated and unsigned. (See id. Ex. E.) Nor does George assert, let alone offer evidence to support a finding, that he filed said return with the IRS.

In affirming the denial of George's § 2255 motion, the Ninth Circuit stated as follows:

> In order for this defense [reliance on advice from an accountant] to succeed, and for prejudice to be established under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), there must be some evidence of George's reliance on any such advice. There is none.

See United States v. George, 411 Fed Appx. 31, 33 (9th Cir. 2010). There still is none.

Accordingly, the petition is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 9, 2016

MAXINE M. CHESNEY
United States District Judge

---

[1] In a declaration dated in 2008 and filed in support of George's § 2255 motion, Oliver stated that the advice his firm gave George was to "report all of his receiver's fees as income on his 1993 personal income tax return," rather than report the receivership fees he received in 2001 and 2002 in those earlier years. (See Oliver Decl. Ex. A ¶¶ 25-26.)